## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Civil Investigative Demand
No. 0057–92

October 15, 1992

Case No. HC-872-1

BY JUDGE MELVIN R. HUGHES, JR.

The Commonwealth of Virginia, through the Office of the Attorney General, has undertaken an investigation of possible state law antitrust violations on the part of Meadow Gold Dairies, Inc., and others. At issue in this proceeding is whether the attorney representing James S. Rhoads, a former employee of Meadow Gold, should be disqualified from representing Rhoads at a Civil Investigative Demand (CID) deposition. Under the CID provisions, the Attorney General can, with Court approval, compel the testimony of witnesses concerning possible violations of the Virginia antitrust laws. *See* § 59.1–9.10, Code of Va. of 1950, as amended. These laws look to, among other things, possible civil penalties.

This investigation is in the wake of a similar but criminal antitrust violation investigation under federal law by the United States Justice Department. During the course of the federal investigation which included federal grand jury proceedings, Rhoads, who is currently district sales manager of Valley Bell Dairies, a dairy which like Meadow Gold is owned by Borden, Inc., gave testimony under subpoena. Rhoads's testimony concerned his previous employment as sales manager with Meadow Gold at its Radford, Virginia, processing and distributing facility from 1982 to 1990. Meadow Gold and the United States have entered into an agreement whereby Meadow Gold will plead guilty to a federal criminal antitrust violation in the United States District Court for the Western District of Virginia. The plea agreement calls for Meadow Gold to cooperate in an ongoing investigation of other potential antitrust violations. In the meantime, one current and two former Meadow Gold employees have been indicted in the Western District.

Rhoads received an immunity from prosecution in his testimony before the federal grand jury. The Commonwealth contends here that because Rhoads's attorney represented both Meadow Gold and Rhoads in the federal proceedings, he should not now represent Rhoads in the CID matter because Meadow Gold is a target of the CID investigation. In other words, it is in Meadow Gold's interest to avoid Rhoads's disclosure of any adverse information that could lead to any civil remedies against it under the Virginia antitrust statutes. The Attorney General argues that the attorney for Rhoads "cannot advise Rhoads to cooperate fully with the CID investigation without violating his ethical duty of zealous representation and fidelity to the interests of [Meadow Gold]." The Attorney General likens the situation with criminal grand jury proceedings where the same attorney represents more than one person who may be witnesses or targets of those proceedings. The attorney for Rhoads submits that there is nothing wrong with a dual representation of a corporation and a current or former employee in a civil discovery proceeding. The attorney complains that the only basis for the Attorney General's assertions that his dual representation is not proper is the yet unsubstantiated assertion by the Attorney General that there are witnesses who are not named who say that Rhoads has information adverse to his former employer.

The attorney representing Rhoads has submitted Rhoads's affidavit which opposes disqualification. By the affidavit, Rhoads advises he wishes the attorney's representation of him to continue. He also states he intends to testify fully and truthfully at the CID deposition. The attorney has submitted his own affidavit as well. This states he has advised his client of his right to choose other counsel but that Rhoads has indicated to him he wishes that he continue to represent him. There is also an affidavit of corporate counsel which advises that disclosure has been made and that the corporation wishes that the attorney continue to represent it.

It is correct, as the attorney contends, that it is not infrequent that the same lawyer will represent a corporation and the corporation's employee at the same time in civil matters. Here, there is a situation of simultaneous representation continuing over to a civil matter from a criminal case involving the same subject matter. In such cases of multiple representation, ethical rules require that the representation of each be adequate and that it be based on consent after full disclosure. See D.R. 5-105(B). Also, the CID statute grants Rhoads use

immunity when he testifies. *See* § 59.1–9.10. And while there is no specific mention of it, this immunity cannot remain if Rhoads fails to testify fully and truthfully.

For now until such time as more definite information is known, the attorney can continue to represent Rhoads. While the comparison to grand jury proceeding is useful, it is not evident that an actual conflict exists or that the investigation will be impeded. Rhoads will be immunized, and both he and Meadow Gold go into the investigation with a disclosure made in advance of any possible conflict, and both have elected to proceed with the same counsel. Given the grant of immunity and the condition that the testimony be full and truthful for it to continue and given that both the attorney and Rhoads say that Rhoads has been advised and that he will testify truthfully and fully, I think Rhoads is entitled to the attorney of his choice.

Mr. Gregory can prepare an order denying the disqualification request noting exceptions and submit it to the Court for entry.